## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRENT MCKENNEY,** | : | **CIVIL ACTION NO. 3:21-CV-2013** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **KILOLO KIJAKAZI,** | : | |
| | : | |
| **Defendant** | : | |

### MEMORANDUM

Plaintiff Brent McKenney appeals the decision of the Commissioner of Social Security denying his application for disability insurance benefits and supplemental security income.  Before the court are the report of Chief Magistrate Judge Karoline Mehalchick recommending that we grant McKenney's appeal, the Commissioner's objection to the report, and McKenney's response thereto.  For the reasons that follow, we will sustain the Commissioner's objection and remand the action to Judge Mehalchick for further consideration.

I.    **Background**

McKenney filed an application for disability insurance benefits and supplemental security income on April 24, 2019.  (See Tr. at 227-41).  McKenney's application was initially denied, and he thereafter requested a hearing before an administrative law judge ("ALJ").  (See id. at 135-144, 157-58).  On January 27, 2021, McKenney and a vocational expert appeared at a hearing and testified before the ALJ.  (See id. at 34-54).  The ALJ issued a written decision on April 23, 2021, finding McKenney is not disabled.  (See id. at 10-33).  McKenney requested review before

the Appeals Council, which declined review on September 28, 2021.  (See id. at 1-9).

The ALJ's decision therefore stands as the "final decision" of the Commissioner for

purposes of judicial review.  See 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; (see also

Tr. at 1).

McKenney commenced this action on November 30, 2021, seeking review

under Section 405(g) of the Commissioner's decision.  The parties briefed the issues

on appeal before Chief Magistrate Judge Karoline Mehalchick, who issued a report

on October 7, 2022, recommending we grant McKenney's appeal and vacate the

Commissioner's decision.  The Commissioner timely objected to the report, and

McKenney filed a response thereto.

## II.   Legal Standards

### A.   Report and Recommendation

When a party objects to a magistrate judge's report and recommendation,

the district court undertakes *de novo* review of the contested portions of the report.

See E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C.

§ 636(b)(1)); see also FED. R. CIV. P. 72(b)(3).  We afford "reasoned consideration" to

any uncontested portions of the report before adopting them as the decision of the

court.  City of Long Branch, 866 F.3d at 100 (quoting Henderson v. Carlson, 812 F.2d

874, 878 (3d Cir. 1987)).

### B.   Substantial Evidence

District courts have jurisdiction to review decisions of the Commissioner

denying disability insurance benefits based upon 42 U.S.C. § 405(g).  See 42 U.S.C.

§ 405(g).  Judicial review of legal issues decided by the Commissioner is plenary.
See Hess v. Comm'r Soc. Sec., 931 F.3d 198, 208 n.10 (3d Cir. 2019) (quoting
Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011)).  Review of factual
findings is highly deferential: a court asks only whether the factual findings are
supported by "substantial evidence."  See 42 U.S.C. § 405(g); Hess, 931 F.3d at 208
n.10 (quoting Chandler, 667 F.3d at 359).  This threshold "is not high" and requires
only that the agency finding be supported by "more than a mere scintilla" of
evidence.  See Biestek v. Berryhill, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019) (quoting
Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  "It means—and means
only—such relevant evidence as a reasonable mind might accept as adequate to
support a conclusion."  Id. (quoting Consol. Edison, 305 U.S. at 229).

> **C.    Sequential Evaluation Process**

An ALJ must follow a five-step sequential process to determine whether
a claimant is disabled.  Hess, 931 F.3d at 201 (citing 20 C.F.R. §§ 404.1520(a)(4),
416.920(a)(4)).  At step one, the ALJ examines the claimant's work history and
asks whether the claimant is performing "substantial gainful activity."  If yes, the
claimant is not disabled; if no, the ALJ moves to step two to consider whether the
claimant has a "severe medically determinable physical or mental impairment"
as defined by the applicable regulations.  See 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii),
416.920(a)(4)(i)-(ii).  A lack of such an impairment requires a finding that the
claimant is not disabled.  Id.

If the claimant has one or more severe medically determinable impairments, the ALJ proceeds to step three and decides whether any of those impairments, or a combination thereof, meets or equals one of the Commissioner's listed impairments, or "Listings." Id. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). A claimant is considered disabled if they meet or equal a Listing. Id. If the claimant does not, the ALJ proceeds to step four to assess the claimant's "residual functional capacity"[1] and determine whether the claimant is able to perform their past relevant work. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A "yes" at step four forecloses a disability finding; a "no" requires the ALJ to proceed to step five, where the ALJ considers whether the claimant can do any other work given their RFC, age, education, and work experience. Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. Id. But if not, the ALJ must find the claimant disabled. Id.

### III.    Discussion

McKenney raises two issues in this appeal: he claims the ALJ (1) failed to properly evaluate his alleged need to elevate his legs and (2) committed multiple errors with symptom evaluation. (See Doc. 15 at 1). Judge Mehalchick issued a report agreeing with McKenney on the first issue and thus declining to address the second. (See Doc. 18 at 8-18). The Commissioner objects to the report, positing it

---

[1] A claimant's residual functional capacity, or "RFC," is "the most [a claimant] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

relies upon inapplicable authorities and distinguishable case law.  (See Doc. 19 at

1).  We are constrained to agree with the Commissioner.

The report relies on 20 C.F.R. § 404.1527(c) to define the term "medical

opinion" and on Social Security Ruling ("SSR") 96-5p for the proposition that

medical-source opinions always trigger articulative duties on the part of the ALJ.

(See Doc. 18 at 11 (quoting 20 C.F.R. § 404.1527(c); SSR 96-5p, 1996 WL 374183, at

*3, *6 (July 2, 1996))).  The report then finds McKenney's treating orthopedist, Scott

King, D.O., provided a "medical opinion" supporting McKenney's claim he must

elevate his legs during the day.  (See id. at 13-18).  Specifically, the report cites to

the following notation in a June 2019 treatment note: "Walking, standing, lifting,

and most weightbearing activities are noted to exacerbate [McKenney's] pain.  Ice

and elevation are noted to offer relief."  (See Tr. at 468).  The report concludes the

ALJ's failure to address this "medical opinion" is error requiring remand.  (See

Doc. 18 at 13-18).

As the Commissioner correctly notes, however, 20 C.F.R. § 404.1527(c)

applies only to claims filed before March 27, 2017.  See 20 C.F.R. § 404.1527 (titled

"Evaluating opinion evidence for claims filed before March 27, 2017").  Likewise for

SSR 96-5p, which has been rescinded with respect to claims filed on or after March

27, 2017.  See Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed.

Reg. 15263-01 (Mar. 27, 2017).  Claims filed after that date—like McKenney's[2]—are

governed by a different regulatory framework and the new definition of "medical

opinion" found at 20 C.F.R. § 404.1513(a)(2).  See 20 C.F.R. § 404.1513(a)(2).[3]  The

report's analysis and conclusion therefore rest on an inaccurate legal foundation.

In any event, whether we apply the old definition of "medical opinion" or the new,

Dr. King's treatment note is not a "medical opinion" triggering articulative duties

by the ALJ.

Section 404.1513(a)(2) defines "medical opinion" as "a statement from a

medical source about what you can still do despite your impairment(s) and whether

you have one or more impairment-related limitations or restrictions" in enumerated

functional areas.  See id.  Section 404.1527(a)(1), by contrast, defines the term more

broadly, as "statements from acceptable medical sources that reflect judgments

about the nature and severity of your impairment(s), including your symptoms,

diagnosis and prognosis, what you can still do despite impairment(s), and your

physical or mental restrictions."  Id. § 404.1527(a)(1).  Dr. King's treatment note

meets neither definition.  It does not describe what *Dr. King* believes McKenney

can or cannot do based on his medical condition, nor does it reflect any medical

---

[2] The report and the ALJ decision erroneously state McKenney filed his claim
for benefits on April 18, 2019.  (See Doc. 18 at 1 (citing Tr. at 14)).  Our review of the
administrative record reflects McKenney filed his claim for benefits on April 24,
2019.  (See Tr. at 227-41).

[3] McKenney does not contest that reliance on the inapplicable regulation and
superseded SSR was error.  (See Doc. 20 at 1-2).  He merely argues "the relevant
case law" nonetheless supports remand.  (See id.)  We disagree, for the reasons
explained *infra*.

judgment on *Dr. King's* part about McKenney's symptoms, prognosis, diagnosis, or limitations.  The portion of the note relied upon in the report appears under the heading "Subjective," where Dr. King merely summarizes *McKenney's* complaints. (See Tr. at 468).  Critically, "memorialization of a claimant's subjective statements in a medical report does not elevate those statements to a medical opinion."  Morris v. Barnhart, 78 F. App'x 820, 824 (3d Cir. 2003) (nonprecedential) (citation omitted).

The lack of a medical opinion substantiating McKenney's claimed need to elevate his legs distinguishes this case from those cited in the report.  For example, in Seitzer v. Saul, No. 1:18-CV-10, 2019 WL 4439653 (M.D. Pa. Aug. 28, 2019) (Carlson, M.J.), report and recommendation adopted, 2019 WL 4420578 (M.D. Pa. Sept. 16, 2019) (Conner, C.J.), the claimant's treating physician expressly opined the claimant would need to remain seated, with his legs elevated above his heart, for at least 60 percent of each eight-hour workday.  See Seitzer, 2019 WL 4439653, at *7. Magistrate Judge Carlson found, and we agreed, that given the objective medical evidence substantiating the leg-elevation restriction, as well as its work-preclusive nature, the ALJ's failure to address it compelled remand for further consideration. See id.; see also Amy P. v. Kijakazi, No. 2:20-CV-12082, 2022 WL 3586393, at *5-6, *9 (D.N.J. Aug. 22, 2022) (remanding for failure to articulate adequate reasons to reject medical opinion that claimant needed to elevate legs straight for half of workday).

Absent a medical opinion or other objective medical evidence supporting the claimed leg-elevation limitation, we cannot agree that the ALJ's failure to articulate his reasons for rejecting the proffered limitation is error compelling remand.  Cf. 20

C.F.R. § 416.920c (establishing duty of articulation for "medical opinions").  To hold otherwise would be to establish precedent finding no support in the governing law: that the ALJ must acknowledge and articulate reasons for rejecting every limitation proffered by the claimant, regardless of whether that limitation finds support in a medical opinion or objective medical evidence.  We thus decline to adopt Judge Mehalchick's report to the extent it concludes the ALJ's failure to articulate a rationale for his decision compels *vacatur* and remand to the Commissioner.

IV.   **Conclusion**

For all of the above reasons, we decline to adopt the report.  We will remand this case to Judge Mehalchick to consider in the first instance the remaining issue raised in McKenney's appeal.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    December 27, 2022